# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
January 20, 2015

Plaintiff-Appellee,

v

No. 318371
Cheboygan Circuit Court
LC No. 13-004689-FH

JERRY MANLEY STONE II,

Defendant-Appellant.

Before: SHAPIRO, P.J., and GLEICHER and RONAYNE KRAUSE, JJ.

PER CURIAM.

A jury convicted defendant of domestic assault, third offense, MCL 750.81(2); MCL 750.81(4), but acquitted defendant of assault by strangulation, MCL 750.84(1)(b). Defendant was sentenced to three months in jail, one month held in abeyance, and one year probation. Defendant appeals as of right and we affirm.

This case concerns an argument between defendant and complainant, who were dating. Complainant testified that the argument made her so upset that she packed up her belongings in order to leave. She testified that when defendant began to take her bags outside, she grabbed his shirt and asked him to stop. She further testified that, as the argument continued, defendant charged her and put his hands around her throat, choking her for approximately 20 to 30 seconds, squeezing so hard that he broke her necklace and saying things like he wished she was dead and that he could kill her. She testified that defendant let go when she began dialing 911. Defendant denied ever attempting to choke complainant. He contended that complainant grabbed the back of his shirt and "ripped [him] backwards and down," and then hit him 13 or 14 times. Defendant testified that he later followed complainant into the living room, where she again attacked him. Defendant claimed that during the ensuing struggle, she fell into a chair and he almost fell on top of her, but instead put both of his hands on either side of her head.

Cheboygan County Sheriff's Department Deputy Jeffery Bur testified that he was the first officer to arrive on the scene and noticed that complainant had "redness and scratch marks on her throat." Bur stated that when he questioned defendant, he admitted to choking complainant. Another deputy testified that he saw red marks on complainant's neck and photographed them.

Defendant argues that because the only evidence of an assault was his alleged choking of complainant, the evidence was insufficient to support his conviction of domestic assault because the jury acquitted him of assault by strangulation. "This Court reviews de novo defendant's

-1-

challenge to the sufficiency of the evidence." *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). "We view the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could have found the essential elements of the crime to have been proved beyond a reasonable doubt." *Id*. "[A] reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

MCL 750.81 provides in pertinent part:

(2) Except as provided in subsection (3) or (4), an individual who assaults or assaults and batters his or her spouse or former spouse, an individual with whom he or she has or has had a dating relationship, an individual with whom he or she has had a child in common, or a resident or former resident of his or her household, is guilty of a misdemeanor punishable by imprisonment for not more than 93 days or a fine of not more than $500.00, or both.

* * *

(4) An individual who commits an assault or an assault and battery in violation of subsection (2), and who has 2 or more previous convictions for assaulting or assaulting and battering his or her spouse or former spouse, an individual with whom he or she has or has had a dating relationship, an individual with whom he or she has had a child in common, or a resident or former resident of his or her household, under any of the following, is guilty of a felony punishable by imprisonment for not more than 5 years or a fine of not more than $5,000.00, or both . . .

MCL 750.84 criminalizes assault by strangulation and provides in pertinent part:

(1) A person who does either of the following is guilty of a felony punishable by imprisonment for not more than 10 years or a fine of not more than $5,000.00, or both:

* * *

(b) Assaults another person by strangulation or suffocation.

(2) As used in this section, "strangulation or suffocation" means intentionally impeding normal breathing or circulation of the blood by applying pressure on the throat or neck or by blocking the nose or mouth of another person.

"An assault may be established by showing either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *People v Starks*, 473 Mich 227, 234; 701 NW2d 136 (2005). Battery is defined as "an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person." *Id*. (internal quotation marks and citations omitted).

Defendant conceded that he had a dating relationship with complainant. Thus, the only question before the jury on the domestic assault charge was whether defendant assaulted or assaulted and battered complainant. Defendant claims that, because the only evidence of assault was defendant's alleged choking of complainant and the jury acquitted him of assault by strangulation, the jury must have found that defendant did not choke complainant. This argument presents us with a false dilemma. That is, defendant's argument is predicated on the assertion that if he did not strangle complainant, then he could not have been found to have assaulted her. We disagree, as other reasons for the verdict are equally, if not more, likely. The jury could certainly have rejected parts of complainant's and defendant's testimonies, but found other parts credible. In addition, it could have reasonably concluded that defendant did not strangle the victim, as defined by statute and set forth in the jury instructions, but found that he still placed her "in reasonable apprehension of receiving an immediate battery." The jury could have found that defendant did grab complainant by the neck, but not with the intent to impede her normal breathing, as required to convict of assault by strangulation. MCL 750.84(2).

Consequently, viewing the evidence in the light most favorable to the prosecution, *Meissner*, 294 Mich App at 452, and drawing all reasonable inferences in favor of the jury's verdict, *Nowack*, 462 Mich at 400, we conclude that there was sufficient evidence presented to allow a rational factfinder to convict defendant of domestic assault.[1]

Affirmed.

/s/ Douglas B. Shapiro
/s/ Elizabeth L. Gleicher
/s/ Amy Ronayne Krause

---

[1] To the extent defendant argues that the jury's verdicts were inconsistent, we note that our Supreme Court has held that consistency "is not necessary" and that a jury's decision to convict a defendant of a lesser charge while acquitting on a greater, even if possibly the result of compassion or compromise, does not necessitate vacating the lesser conviction. *People v Vaughn*, 409 Mich 463, 465-466; 295 NW2d 354 (1980) (quotation marks and citation omitted).

-3-